```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               EASTERN DISTRICT OF VIRGINIA
                     Alexandria Division
```

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS        ) | |
| AND PIPEFITTERS NATIONAL        ) | |
| PENSION FUND,                   ) | |
|                                 ) | |
|     Plaintiffs,                 ) | |
|                                 ) | |
|     v.                          ) | Civil Action No. 1:07cv685 |
|                                 ) | |
| GRISWOLD REFRIGERATION, INC.,   ) | |
| t/a TRU-TEMPERATURE             ) | |
| REFRIGERATION a/k/a TRU-TEMP    ) | |
| REFRIGERATION,                  ) | |
|                                 ) | |
|     Defendant.                  ) | |

REPORT AND RECOMMENDATION

This matter came before the Court on the Motion of plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund ("plaintiffs") for Default Judgment against defendant Griswold Refrigeration, Inc., trading as Tru-Temperature Refrigeration, also known as Tru-Temp Refrigeration ("defendant").

I. INTRODUCTION

**A. Background**

Plaintiffs[1] filed this action under Sections 502 and 515 of the Employee Retirement Income Security Program, as amended, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), which govern

---

[1] Plaintiffs are the trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund," "NPF," or "the Fund").

suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages pursuant to the Fund's Restated Agreement and Declaration of Trust (the "Trust Agreements"), which have established the Fund and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 219, which incorporates defendant's obligations under the Trust Agreements.[2][3] (See Amend. Compl. ¶¶ 1-3; Affidavit of William T. Sweeney, Jr., Administrator of the Plumbers and Pipefitters National Pension Fund ("Sweeney Aff.") ¶¶ 2-3.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon this Court by 29 U.S.C. §§ 1132 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2), 185(c). In this case, jurisdiction and venue are proper because

---

[2] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

[3] Plaintiffs, along with the Trustees of the International Training Fund, a related fund, brought suit against defendant in this Court in a separate action, 1:07cv1253. In that case, plaintiffs brought similar claims and ultimately received judgment against defendant pursuant to Fed. R. Civ. P. 55. The claims brought in that case, however, were brought pursuant to Agreements entered into with Local Union No. 396.

the Fund is administered in this District and the breaches of the Agreements allegedly occurred within this District.  (See Amend. Compl. ¶¶ 1-4.)

### C. Service of Process

On November 2, 2007, a private process server delivered copies of the Summons, Complaint, and Supporting Documents in this case to Glenn Griswold, Chief Executive Officer of defendant, at 704 Andrews Avenue, Youngstown, Ohio.  (See Mot. for Default Judgment at 1-2; Return of Service (Dkt. No. 7).) Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  Therefore, on February 27, 2008, the Honorable Claude M. Hilton scheduled this matter for an ex parte proof of damages hearing on March 28, 2008.  On March 4, 2008, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  Plaintiffs filed their Motion for Default Judgment on March 14, 2008.

Prior to the March 28, 2008 hearing, counsel for plaintiffs represented to the Court that the parties were in settlement negotiations and requested the hearing be continued to a later

Case 1:07-cv-00685-CMH-TCB   Document 18   Filed 06/19/08   Page 4 of 8 PageID# 62

date.  When settlement discussions apparently failed, plaintiffs filed an Amended Notice of Hearing on their Motion for Default Judgment, setting it for hearing before the undersigned Magistrate Judge on May 30, 2008.  After defendant failed to appear at the May 30 hearing, the undersigned took this case under advisement.

## II. <u>FINDINGS</u>

Based on the Complaint; the Affidavit of William T. Sweeney, Jr.; the Declaration of John R. Harney, counsel for plaintiffs ("Harney Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Fund certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions.  (<u>See</u> Amend. Compl. ¶¶ 5-6, 10, and 15; Mot. for Default Judgment at 2; Sweeney Aff. ¶¶ 2-4, 6, and 7.)  Defendant failed to submit timely reports or contributions to plaintiffs, in violation of the Agreements.  (<u>See</u> Amend. Compl. ¶¶ 7-9, 17-20.)  Therefore, plaintiffs seek to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.

At the time plaintiffs filed their Amended Complaint, defendant had failed to pay its required contributions to the NPF for the months of February 2007 through July 2007.  (Amend.

Compl. ¶ 7; Mot. for Default Judgment at 2; Sweeney Aff. ¶ 5.) Pursuant to the Agreements, defendant must pay these contributions in the amounts contained in remittance reports it has submitted to plaintiffs plus the amounts derived from a projection formula contained in the Agreements (for contributions not covered by the remittance reports). (Amend. Compl. ¶¶ 10, 11; Sweeney Aff. ¶¶ 6-9.)

Subsequent to the filing of this action, defendant submitted reports and payment of contributions for the months of February 2007 through July 2007. (Sweeney Aff. ¶ 5.) Therefore, defendant owes no more in contributions.

Under the Trust Agreements, defendant must also pay liquidated damages to the Fund on any unpaid or delinquent contributions.[4] In this case, the total amount of these liquidated damages is $397.69 for the months of February 2007 through July 2007. (Mot. for Default Judgment at 2; Sweeney Aff. ¶¶ 9-10.)

Additionally, defendant is obligated under the Trust Agreements to pay interest at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment. The total amount of this interest,

---

[4] Pursuant to Article VI, Section 5 of the Trust Agreement establishing the NPF and the Delinquency Procedures adopted by the Trustees of the NPF as revised in March 2003, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Sweeney Aff. ¶ 9.)

calculated through the date of payment, is $139.74.  (Mot. for Default Judgment at 2; Sweeney Aff. ¶¶ 9-10.)

In addition, plaintiffs seek $1,610.00 in attorneys' fees and $681.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Mot. for Default Judgment at 2; Sweeney Aff. ¶ 10; Harney Decl. ¶ 7, Appendix.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed to enforce plaintiffs' rights.

Finally, plaintiffs seek injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145, which authorize plaintiffs to recover such other legal or equitable relief as the Court deems appropriate.  (Amend. Compl. at ¶ 17.)  In this case, defendant has repeatedly failed to make timely reports or contributions to the Fund in violation of the terms of the Agreements.  (Amend. Compl. ¶ 20.)  Therefore, plaintiffs seek to enjoin defendant from further violations of the terms of the benefit plan and to require defendant to submit timely reports and contributions to the Fund.

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the plaintiff in the absence

of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction.  See Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987); Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 193, 196 (4th Cir. 1977).

Where, as here, defendant has defaulted and plaintiffs are entitled to a default judgment, plaintiffs have shown actual success on the merits.  Additionally, plaintiffs have established that defendant's continuing conduct is causing them irreparable injury that cannot be fully remedied by a damage award. Moreover, based on the facts established, the balancing of harm to the parties and to the public interest weighs in favor of granting the injunctive relief plaintiffs seek in this case. Therefore, the undersigned finds that plaintiffs are entitled to the injunctive relief they seek in this case.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant, for the months of February 2007 through July 2007, the following amounts: $397.69 in liquidated damages and $139.74 in interest accrued through the date of payment.

In addition, the undersigned recommends that plaintiffs should recover from defendant $1,610.00 in attorneys' fees and

$681.29 in costs. Finally, the undersigned Magistrate Judge recommends the Court enter an order enjoining defendant from further violations of the terms of the benefit plan and requiring defendant to submit timely reports and contributions to the Fund.

## IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, taken pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within ten (10) days of its service. Failure to object to this Report and Recommendation waives the right to appellate review of a judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

> Griswold Refrigeration, Inc.
> t/a Tru-Temperature Refrigeration
> 704 Andrews Avenue
> Youngstown, OH 44505

```
                                  /s/
                        THERESA CARROLL BUCHANAN
                        UNITED STATES MAGISTRATE JUDGE
```

June 19, 2008
Alexandria, Virginia